UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEQUINCY R. LOPEZ,                     )
                                       )
              Plaintiff,               )
                                       )
         v.                            )          No. 1:21-cv-02771-TWP-DML
                                       )
HUMPHREY,                              )
                                       )
              Defendant.               )

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Dequincy Lopez filed this civil rights action when he was confined at the Marion

County Jail. Dkt. 1. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this

Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the

defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief.  In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive

dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Lopez names a single defendant, Cpt. Humphrey, in the caption of his complaint. However, the body of Mr. Lopez's complaint contains factual allegations against two other officers at the Marion County Jail, Lt. Jenkins and Cpt. Long. Dkt. 1.

First, Mr. Lopez alleges that in October 2021, he told these officers that he was not supposed to be assigned a top bunk because he suffers from seizures. *Id.* at 2-3. He was made to sleep on the top bunk anyway, and due to a seizure, he fell from the top bunk and hit his head. *Id.* Mr. Lopez alleges that he hurt his "whole body from head to toe." *Id.* Despite, this incident, the defendants continued to put him on the top bunk, or he slept on the concrete floor. *Id.* Mr. Lopez seeks monetary damages and for the defendants to receive disciplinary action for refusing to assign him a top bunk. *Id.* at 8.

Second, at the end of the complaint, the Court notes that Mr. Lopez describes another incident in September 2021, when he alleges the same defendants moved him to a cell assignment with another inmate who was suicidal and homicidal. *Id.* at 9. Mr. Lopez states the defendants put his life in danger, and he was afraid of the other inmate. *Id.*

## III. Discussion

It is unclear whether Mr. Lopez was incarcerated at the Marion County Jail during the relevant time as a pretrial detainee, or as a result of a criminal conviction. This information is pertinent to determine whether Mr. Lopez's rights arise under the Eighth Amendment or the Fourteenth Amendment. If a pretrial detainee, his constitutional rights are derived from the Due

Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

### A. Claims that Shall Proceed

Based on the screening standard, Mr. Lopez's claim that the defendants denied him a bottom bunk despite being aware that he suffered from seizures **shall proceed** under the Eighth or Fourteenth Amendment.

### B. Dismissed Claims

To the extent that Mr. Lopez attempts to raise a failure to protect claim against the defendants for his placement in a cell with another inmate that Mr. Lopez alleges was suicidal and homicidal, this claim fails. For example, under the Fourteenth Amendment reasonableness standard, Mr. Lopez must allege facts suggesting that (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendant's conduct was objectively unreasonable . . .; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Ogunleye v. Bedolla*, 2020 WL 5702164, at *4 (N.D. Ill. Sept. 24, 2020) (quoting *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016). "A constitutional violation, however, does not occur 'every time an inmate gets attacked by another inmate.'" *Id.* (quoting *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Here, Mr. Lopez has made no allegations that the defendants were aware of any substantial risk posed to him, nor does he allege that he suffered any attack by the other inmate or sustained any injuries. Mr. Lopez's fear that another offender may be dangerous is not sufficient to allege a failure to protect claim. "Correctional facilities, 'after all, are dangerous places often full of people

who have demonstrated aggression.'" *Id.* Thus, this claim is **dismissed** for failure to state a claim upon which relief may be granted.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

### V. Conclusion

This action proceeds with Mr. Lopez's Eighth or Fourteenth Amendment claims against the defendants, based on his allegations that he was denied a bottom bunk as discussed in Part III(A) of this Order. All other claims are dismissed. This summary of claims includes all of the viable claims identified by the Court. If Mr. Lopez believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 1, 2022**, in which to identify those claims.

**The clerk is directed** to add Cpt. Long and Lt. Jenkins as defendants on the docket.

**IT IS SO ORDERED.**

Date: 5/2/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEQUINCY R. LOPEZ
2720 Granada Circle
Indianapolis, IN 46222

Captain Humphrey
Marion County Jail II
730 West Washington St.
Indianapolis, IN 46202

Lieutenant Jenkins
Marion County Jail II
730 West Washington St.
Indianapolis, IN 46202

Captain Long
Marion County Jail II
730 West Washington St.
Indianapolis, IN 46202